**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

OLIVETTE COFFEY JR., et al.,

        Plaintiffs,

vs.                                    Case No. 3:71-cv-44-J-32TEM

DWIGHT BRADDY, et al.,

        Defendants.

## **ORDER**[1]

This case was filed in 1971 as a class action against the chief of the City of Jacksonville's fire department and various other City officials[2] by three African-American residents of Jacksonville who were seeking to integrate the City's fire department which, at the time, had two African-Americans in a department of nearly 700 firefighters. The late Judge Charles R. Scott certified this case as a class action in 1981, adopting the parties' stipulated definition of class members as constituting: "all black residents of the Consolidated City of Jacksonville, Duval County, Florida and those black residents elsewhere who may utilize the services of the Jacksonville Fire Department who have been discriminated against because of race." January 7, 1981

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] This opinion collectively refers to these defendants as "the City."

Order.[3]  The Court described three subclasses composed of:

> (a) all past, present, and future black employment applicants with the Fire Department of the City of Jacksonville, Florida,
>
> (b) all past, present, and future black employees with the Fire Department of the City of Jacksonville, Duval County, Florida, and
>
> (c) all past, present, and future black employment applicants and employees of the Public Service Employment Program or other training programs contracted with defendant City and the U.S. Department of Labor or other governmental authority wherein the services of these employees are utilized by the Jacksonville Fire Department.

Id.

In 1982, the Court entered the last of four versions of a stipulated consent decree intended to achieve the goals of the lawsuit by changing the firefighter hiring practices within the department. In essence, the final consent decree required that for every white firefighter hired, a black firefighter had to be hired. The case then lay essentially dormant for over 25 years.[4]  It is now back before the Court on pending

---

[3] Documents filed prior to 2007 in this case were not assigned docket numbers and are therefore referenced by date. Although plaintiffs filed their 1971 complaint as a "class action" and the Court and the parties had consistently referred to this case as a "class action," it was only after plaintiffs in another case (Corley v. City) moved to consolidate that case with this case in 1980 that the Court formally certified the class, ultimately adopting the definition proposed by the parties. See November 12, 1980 Order; January 7, 1981 Order.

[4] Under circumstances which await development at an evidentiary hearing, in 1992 the City terminated its compliance with the 1982 consent decree.

2

motions brought by proposed new class representatives seeking to challenge whether the City has complied with the terms of the decree.

The Court has determined the following issues must be resolved before any further inquiry of the merits can be considered: a) whether proposed class representatives Sabrina Potter, Timothy West, Kyor Sanders and Adrian Johnson are in fact members of the class; b) if so, whether they are appropriate class representatives, and;  c) whether attorneys Dennis R. Thompson and Christy B. Bishop should be appointed as class counsel.

**a. Class Membership**

It is undisputed that Sabrina Potter and Kyor Sanders are African-Americans who applied for employment as firefighters with the Jacksonville Fire Department.[5] A subclass of the original plaintiff class includes "all past, present, and future black employment applicants with the Fire Department of the City of Jacksonville, Florida." January 7, 1981 Order.  Therefore, as black employment applicants to the Jacksonville Fire Department, Sabrina Potter and Kyor Sanders are members of the class.

---

[5]Plaintiffs' counsel represented that Timothy West also applied for employment with the Jacksonville Fire Department but his status as an applicant is disputed by the City.  Doc. 58.  If Plaintiffs' counsel wish the Court to designate Timothy West as a class member and possible class representative, Plaintiffs' counsel should provide additional information no later than **April 7, 2009** to allow the Court to determine Mr. West's status.

Adrian Johnson, an African-American, is currently employed by the Jacksonville Fire and Rescue Department. Doc. 21. A subclass of the original plaintiff class includes "all past, present, and future black employees with the Fire Department of the City of Jacksonville, Duval County, Florida." January 7, 1981 Order. Thus, Mr. Johnson is also a member of the class.

**b. Class Representation**

Counsel for Plaintiffs have represented that the three individuals originally named as plaintiffs in 1971 and subsequently appointed as class representatives- - Olivette Coffey Jr., Harry J. Johnson, and Nancy J. Brackett- - have either died or are otherwise unavailable due to incapacity or lack of interest. Given that this case was originally filed over thirty-five years ago, this seems very likely and the Court is willing to presume that the original class representatives are unavailable or unwilling to prosecute this action. Nevertheless, Plaintiffs need to better document the record on this point.[6]

Given that this action only seeks to determine whether the City has complied with the consent decree the class entered into with the City, the claims of Sabrina Potter, Kyor Sanders, and Adrian Johnson are typical of the class as a whole.

---

[6]Plaintiffs shall provide additional documentation substantiating their claim that the original class representatives are unavailable or no longer willing to prosecute this action **no later than April 7, 2009.** Obviously, the Court may revisit this issue if Plaintiffs' showing proves insufficient.

4

Further, it appears Plaintiffs will fairly and adequately protect the interests of the class. See Fed. R. Civ. P. 23(a). See also Birmingham Steel Corp. v. Tenn. Valley Auth., 353 F.3d 1331, 1342 & n.11 (11th Cir. 2003) (recognizing "once certified, a class acquires a legal status separate from that of the named plaintiffs[ ]" and concluding that "the efficient administration of justice and the interests of the class were not served when the district court decertified the class without first giving class members an opportunity to intervene as the class representative[ ]"). Therefore, Sabrina Potter, Kyor Sanders, and Adrian Johnson are suitable replacements for the original class representatives.[7]

---

[7] The Court also reviewed substitution and intervention under the Federal Rules of Civil Procedure as possible vehicles for replacement of the original class representatives. However, the Court has determined Potter, Sanders and Johnson meet the class definition and their interests are the same as those of the original class representatives (which distinguishes these plaintiffs from many proposed intervenors in other cases) so that nothing more is required than to permit the original representatives, who apparently have relinquished their duties, to be replaced. Although some of the cases reviewed use the terms "intervention" and "substitution," it appears many courts use both those terms (sometimes interchangeably within the same sentence) to describe the replacement of class representatives, not necessarily meaning to ascribe to the terms their technical meaning under the Federal Rules of Civil Procedure. See, e.g., Birmingham Steel, 353 F.3d at 1343 (remanding with directions "to allow a reasonable period of time for a member of the class to intervene or to be substituted as the class representative" where named representative became inadequate); Graves v. Walton County Bd. of Educ., 686 F.2d 1135, 1138 (5th Cir. Unit B 1982) ("It is firmly established that where a class action exists, members of the class may intervene or be substituted and named plaintiffs in order to keep the action alive after the claims of the original named plaintiffs are rendered moot."); Armour v. City of Anniston, 622 F.2d 1226, 1226 (5th Cir. 1980) (directing court on remand to, inter alia, determine whether named plaintiff was proper class representative "and, if she is not, to substitute an appropriate class representative should one desire to be

The City argues Potter, Sanders and Johnson do not have standing to question the City's compliance with the consent decree because none of them have suffered the same injury as the original plaintiffs, both because they were not required to take the entrance examination that spawned the initial litigation and because their applications were rejected for non-discriminatory reasons (e.g., criminal history, failed agility test, etc.). See Doc. 38. Plaintiffs dispute this. These arguments confuse the issue. Potter, Sanders and Johnson may or may not have been discriminated against with regard to their individual applications to the Fire Department- - that issue is not before the Court. The issue that Potter, Sanders and Johnson intend to litigate is whether the City has complied with the terms of the consent decree. Their standing to do so arises simply from their membership in the class because any class member can (through their appointed class representative) question the opposing party's compliance with a consent decree.[8] See Sosna v. Iowa, 419 U.S. 393, 402 (1975)

---

appointed"). So as not to further confuse the issue, the Court will use the word "replacement" (instead of substitution or intervention).

[8]Few cases involve a class whose membership is as broadly defined as here, making class membership (and candidacy as a replacement for an inadequate class representative) far easier to prove. The cases cited by the City such as Dillard v. Chilton County Comm'n, 495 F.3d 1324 (11th Cir. 2007) are inapposite. In Dillard, a third party attempted to intervene to challenge a consent decree entered into by other parties. Id. The Eleventh Circuit held the third party intervenors lacked independent standing to challenge the consent decree. Id. Here, by contrast, *class members* bound by the consent decree are seeking judicial relief to compel the opposing party to comply with the consent decree. The City's reliance on United States v. City of Miami, Florida, 115 F.3d 870 (11th Cir. 1997), is likewise misplaced because there,

(holding that once class is certified, a controversy may still exist "between a named defendant and a member of the class represented by the named plaintiff, even though the claim of the named plaintiff has become moot").  See also Dillard, 495 F.3d at 1338, n.12 (explaining that, by contrast, district court in a different case "could have taken jurisdiction" of official's motion to terminate consent decree without need "for any inquiry into the [official's] separate standing" because official moved both as a proposed intervenor *and* as a representative of defendant department that entered into decree, thereby conferring standing on official as well).

As members of the class, and having now been designated as class representatives, Potter, Sanders and Johnson may request that this Court issue a Show Cause Order requiring the City to demonstrate whether it is in compliance with the consent decree.  See Reynolds v. Roberts, 207 F.3d 1288, 1298 (11th Cir. 2000) (stating the proper way to enforce a consent decree is through the court's contempt power and that "the plaintiff [should move] the court to issue an order to show cause why the defendant should not be adjudged in civil contempt and sanctioned"); Florida Assoc. for Retarded Citizens, Inc. v. Bush, 246 F.3d 1296, 1298 (11th Cir. 2001) (citing Reynolds and holding that ten year dormancy in administratively closed case was not basis to deny plaintiff's motion for order to show cause seeking enforcement

---

like Dillard and unlike here, the party seeking to enforce a decree was not a party to the litigation; moreover, the decree in that case was entered into between the City of Miami and the United States and not, as in this case, in a class action lawsuit.

of consent decree). See also Birmingham Steel, 353 F.3d at 1336-42 (holding district court erred by not permitting other class members an opportunity to step forward to pursue litigation as class representative once named class representative was no longer able to serve).  As the City has admitted it unilaterally stopped abiding by the consent decree in 1992 and there is a legitimate question whether it was permitted to do so, the plaintiff class is entitled to the issuance of an Order to Show Cause.  Of course, the issuance of the Order to Show Cause does not signal that the City has in fact violated the decree, only that plaintiffs are entitled to an inquiry concerning the matter.  The City has also raised some potentially legitimate defenses, such as laches, which will be explored at the Show Cause hearing.  Finally, the City's motion to dissolve the consent decree and dismiss the case with prejudice (Doc. 16) will also be addressed at the hearing.

**c. Appointment of Class Counsel**

Dennis R. Thompson and Christy B. Bishop filed a motion for the Court to appoint them as class counsel. Doc. 53.  The Court permitted counsel for the original plaintiff class to withdraw (Doc. 12);  thus, the class is not presently represented. Upon reviewing their motion, the Court finds Dennis R. Thompson and Christy B. Bishop meet the requirements of Fed. R. Civ. P. 23(g).  Therefore, the Court appoints

them as class counsel.[9]

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion for Order Finding the Following Represented Individuals to be Class Members (Doc. 52) is **GRANTED IN PART** to the extent that Sabrina Potter, Kyor Sanders, and Adrian Johnson are confirmed as class members and are hereby named class representatives and **DENIED IN PART**, without prejudice, to the extent that the Court declines to name Timothy West as a class representative.[10]

2. Plaintiffs' Motion to Approve the Firm Thompson and Bishop, and Attorneys Dennis R. Thompson and Christy B. Bishop, as Class Counsel (Doc. 53) is **GRANTED**.

3. Plaintiffs' Motion to Show Cause Why This Court Should Not Hold Defendants in Contempt For Violating This Court's Consent Decree (Doc. 6) is **GRANTED** to the extent that the Court orders the City to Show Cause why it should not be found in violation of the consent decree at an evidentiary hearing at which the

---

[9]Class counsel has complied with Local Rule 2.02 by also designating local counsel. Doc. 8.

[10]Because Adrian Johnson, Sabrina Potter, and Kyor Sanders are appropriate representatives of the class, the Jacksonville Brotherhood of Firefighters' alternative motion to intervene (Doc. 55) is **moot**. Depending on the further development of this case and the interests the Jacksonville Brotherhood of Firefighters wishes to pursue, it may be able to renew its motion, if appropriate, at a later date.

parties will address the merits of and defenses to plaintiffs' motion.  The hearing will be held on **June 30, 2009 at 9:30 a.m.** before the undersigned in Courtroom 10D, Tenth Floor, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida.[11]  At the same time, the Court will hear the City's motion to dissolve the consent decree and dismiss the case with prejudice (Doc. 16).  The Clerk is directed to reopen this file.

4. This case is set for a telephone status conference on **April 21, 2009 at 9:30 a.m.** to discuss the procedure for the hearing including a schedule to exchange witness and exhibit lists, whether any discovery should be conducted, and what legal issues need to be briefed in advance of the hearing.[12]

---

[11] The parties are advised, and should advise their witnesses, that photo identification must be presented to Court Security Officers when entering the building. Also, although cell phones, laptops and similar electronic devices are not usually permitted in the Courthouse (unless stored in the first floor Federal Bar Association lockers), counsel for the parties will be permitted to bring such devices into the courtroom for purposes of this hearing.

[12] Counsel for plaintiffs shall initiate the telephone conference by contacting counsel for the City and then calling the Court's polycom audioconference line: (904) 549-1949.  Counsel are requested not to use cell phones or speaker phones during the call, both of which reduce the sound quality of the Court's audioconference system.

**DONE AND ORDERED** at Jacksonville, Florida this 6th day of March, 2009.

_____
TIMOTHY J. CORRIGAN
United States District Judge

m/s
Copies:

counsel of record